UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLTON WILLIAMS,

    Plaintiff,

vs.                              Case No. 3:07-cv-541-J-HTS

MICHAEL ASTRUE,
Commissioner of
Social Security,

    Defendant.
_____

**OPINION AND ORDER**[1]

**I.  Status**

Carlton Michael Williams is appealing the Social Security Administration's denial of his claims for Disability Insurance Benefits and Supplemental Security Income.  His alleged inability to work is based on "herniated and bulging discs[.]"  Transcript of Administrative Proceedings (Tr.) at 105 (emphasis omitted).  Plaintiff was ultimately found not disabled by Administrative Law Judge (ALJ) William H. Greer in a Decision entered on September 21, 2006.  *Id.* at 11, 17.  Claimant has exhausted the available administrative remedies and the case is properly before the Court.  Through the Memorandum in Support of Plaintiff's Appeal of the

---

      [1]    The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #16).

Commissioner's Decision (Doc. #14; Memorandum), he argues the judge failed to "properly evaluate[] the opinions and findings of Dr. Patel, [his] treating chiropractor[.]" Memorandum at 1, 11 (emphasis omitted). Additionally, it is asserted the ALJ's "credibility analysis is [not] supported by substantial evidence[.]" *Id.* at 1, 16 (emphasis omitted).

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[2] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by 'substantial evidence[.]'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)); *see also*

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

*Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

**A. Opinions of Chiropractor**

According to Mr. Williams, the ALJ should have "consider[ed] and discuss[ed]" evidence from his chiropractor "when determining the severity of [his] impairments and his functional limitations." Memorandum at 16.

"Although [an] ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . ." *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Rather, the judge "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (internal quotation marks omitted); *see also Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007).

Pursuant to the regulations, a chiropractor is not considered an acceptable medical source. *See* 20 C.F.R. §§ 404.1513(a),

- 3 -

416.913(a). Still, "evidence from other sources" such as chiropractors may be used "to show the severity of [a claimant's] impairment(s) and how it affects [his/her] ability to" engage in work-related activities. *Id.* §§ 404.1513(d), 416.913(d). The opinions of a treating chiropractor constitute "evidence to be considered on the record as a whole." *Gramlisch v. Barnhart*, 464 F. Supp. 2d 876, 881 (E.D. Mo. 2006). An "ALJ is not free to disregard the opinions of health care professionals simply because they are not medical doctors." *O'Connor v. Barnhart*, No. C03-3081-MWB, 2004 WL 2192730, at *5 (N.D. Iowa Sept. 28, 2004); *see also* SSR 06-03p ("Opinions from . . . medical sources . . . not technically deemed 'acceptable medical sources' . . . are important and should be evaluated on key issues . . . ."); *cf. Reliford v. Barnhart*, 444 F. Supp. 2d 1182, 1188 (N.D. Ala. 2006) ("improper and unreasonable" for ALJ to reject opinions of treating physical therapist due to his not being acceptable medical source); *Miles v. Barnhart*, 410 F. Supp. 2d 1113, 1116-17 (N.D. Ala. 2006) (rejection of treating therapist "as a medical source" erroneous, as such a provider is qualified under the regulations to comment on a condition's severity and effect on ability to work). "[D]epending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source'" can even "outweigh the

- 4 -

opinion of an 'acceptable medical source,' including the medical opinion of a treating source." SSR 06-03p.

The ALJ described "[a] Lumbar Spine Residual Functional Capacity Questionnaire [(Questionnaire)] completed on June 6, 2006, by chiropractor[] Vipul Patel, D.C." Tr. at 15; *cf. id.* at 218-22. The treatment records from this provider reveal frequent visits from January 13 through May 31, 2006. *See id.* at 223-34. Several limitations found by the chiropractor and reflected in the Questionnaire are significantly more restrictive than those ultimately accepted by the judge. *Compare id.* at 15, 219-21 *with id.* at 14 (for example, capability of standing up to ten minutes at a time as opposed to fifteen, standing/walking less than two hours compared to three hours, and lifting ten pounds occasionally rather than frequently). However, the ALJ summarily dismissed these opinions, observing simply "that chiropractors are not included among the acceptable sources of medical evidence" and they "cannot establish the existence of a medically determinable impairment; give us medical opinions; or be considered treating sources whose medical opinions be given controlling weight." *Id.* at 15-16; *cf. id.* at 276-77. This was plainly improper.

As indicated above, certain individuals who are not deemed acceptable medical sources are nevertheless qualified to comment both on the severity of a claimant's condition and its effect on

his or her ability to work. *See Miles*, 410 F. Supp. 2d at 1116-17; *cf.* SSR 06-03p. This is in part what Dr. Patel did by way of the Questionnaire. Thus, the opinions expressed therein may not merely be ignored, and this case will be remanded for proper consideration of the evidence from this source.

**B. Credibility**

Plaintiff contends the judge improperly assessed his credibility in four different ways. The Court will now address each of these attacks.

First, the failure "to evaluate the findings and opinions of Dr. Patel as they related to the severity of Mr. Williams' impairments and his functional limitations . . . results in an incomplete analysis and evaluation of [Plaintiff's] testimony because it was improper for the ALJ to" discredit him "in light of the medical evidence of record . . . without a review of all the evidence." Memorandum at 16-17; *cf.* Tr. at 14. Indeed, as the ALJ must on remand evaluate Dr. Patel's opinions, he also needs to reconsider their potential impact on his credibility analysis.

The second point Claimant makes is persuasive as well. Whereas the judge asserted Mr. Williams "has jumped from job to job[, a] work record [that] casts serious doubt on his motivation for working[,]" Tr. at 16, he cites no evidence in support of this conclusion. As observed in the Memorandum, Plaintiff's earnings

record shows he worked a substantial period of time for several of his employers.  Memorandum at 17; *cf.* Tr. at 68-70.  Moreover, the alleged lack of motivation for working is addressed by Claimant's fourth argument relating to credibility, in which he correctly observes "the ALJ . . . fails to discuss the [testimony suggesting] that [he] attended nursing school and was on his way to take a test to receive his certification when he experienced his automobile accident that led to his disability[.]"  Memorandum at 17-18; *cf.* Tr. at 277-78.

Finally, it is argued the judge erred by reasoning that "because Mr. Williams is seeking disability benefits and is pursuing a personal injury case, 'secondary gain' is a factor." Memorandum at 17 (quoting Tr. at 16).  The Court agrees to the extent the possibility of financial gain from a favorable result within the proceeding in question should not in and of itself be perceived as discrediting.  Further, "the existence of a pending lawsuit alone does not constitute the type of substantial evidence needed to discount a plaintiff's subjective complaints[.]" *Aronis v. Barnhart*, No. 02 Civ. 7660(SAS), 2003 WL 22953167, at *7 (S.D.N.Y. Dec. 15, 2003). Still, the pendency of a separate action is a permissible factor for an ALJ to take into account.  *See, e.g., Leech v. Barnhart*, 177 F. App'x 225, 228 (3d Cir. 2006) ("[I]t was not improper for the ALJ to consider [the claimant's]

financial interest in her ongoing worker's compensation claim . . . .").

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision with instructions to 1) carefully consider the evidence from Dr. Patel in regard to the severity and functional consequences of Claimant's condition; 2) reevaluate Plaintiff's credibility in a manner consistent with the Court's opinion; and 3) conduct any further proceedings deemed proper.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of April, 2008.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record
    and pro se parties, if any